IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:13-cv-00047

| | | |
|---|---|---|
| PEGGY HILL and<br>AMY WALKER, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | **MEMORANDUM OF<br>DECISION AND ORDER** |
| BARRY COGGINS and<br>COLLETTE COGGINS d/b/a<br>CHEROKEE BEAR ZOO, and<br>COGGINS & COGGINS, INC., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Defendants' Motion for Attorneys' Fees [Doc. 121].

## I.   PROCEDURAL BACKGROUND

The Plaintiffs Peggy Hill and Amy Walker (the "Plaintiffs") initiated this citizen suit on December 3, 2013, against the Defendants Barry Coggins and Collette Coggins, collectively doing business as Cherokee Bear Zoo (the "Defendants"), alleging various violations of Section 11(g)(1)(A) of the Endangered Species Act, 16 U.S.C. § 1540(g)(1)(A) ("ESA").  This matter proceeded to a bench trial on September 17 and 18, 2015.  On March 30, 2016, the Court entered an Order containing findings of fact and conclusions

of law. [Doc. 93]. Specifically, the Court concluded that the Plaintiffs generally had standing to bring their suit and that the bears were grizzly bears entitled to protection the ESA. [Id.]. The Court, however, concluded that the manner in which the Zoo maintains the bears does not amount to an unlawful taking under the Act. [Id.]. Accordingly, the Court dismissed the Plaintiffs' action in all respects. [Doc. 93].

The Plaintiffs and Defendants both appealed. On August 14, 2017, the Fourth Circuit Court of Appeals affirmed the Court's rulings on the issues of standing and the status of the subject bears as grizzly bears. Hill, 867 F.3d at 502. The Fourth Circuit concluded, however, that this Court erred in its legal analysis of the issue of whether the Zoo is committing an unlawful taking of the bears. Id. Accordingly, that ruling was vacated, and this matter was remanded for further proceedings. Id. The United States Supreme Court denied a petition for a writ of certiorari on February 20, 2018. Hill v. Coggins, 138 S. Ct. 1003 (2018).

On September 24, 2019, the Court entered an Order again dismissing this action with prejudice, concluding that the Plaintiffs failed to prove by a preponderance of the evidence that the Defendants had committed a "taking" of an endangered species through their treatment of the bears, this time

2

applying the standard as set forth by the Court of Appeals. [Doc. 188 at 37]. The Defendants now seek attorneys' fees from the Plaintiffs. [Doc. 121].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Attorneys' fees may be awarded where expressly authorized by contract or statute. United Food and Commercial Workers, Local 400 v. Marval Poultry Co., Inc., 876 F.2d 346, 350 (4th Cir. 1989) (citation omitted). Under the ESA, "[t]he Court, in issuing any final order . . . may award the costs of litigation (including attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4).

## III. DISCUSSION

The Defendants argue that they should be awarded attorneys' fees because the Plaintiffs' claims were "frivolous, unreasonable, and groundless" and the Plaintiffs acted in bad faith by bringing this action. [Doc. 122 at 6].

### A. Frivolous, Unreasonable, and Groundless

A defendant generally may recover fees if a plaintiff's claims were "frivolous, unreasonable, or without foundation" or if the plaintiff "continued to litigate [them] after [they] clearly became so." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422 (1978); see also Marbled Murrelet v. Babbitt,

182 F.3d 1091, 1095 (9th Cir. 1999) (applying the Christiansburg Garmet test to cases arising under the ESA). "A claim is frivolous if 'the result is obvious or when the [ ] argument is wholly without merit.'" Soler v. Staffmark East, L.L.C., No. 5:05-cv-235-BR, 2007 WL 9718333, at *2 (E.D.N.C. Feb. 23, 2007) (quoting Williams v. U.S. Postal Serv., 873 F.2d 1069, 1075 (7th Cir. 1989)). A defendant seeking to show that a plaintiff's claims were frivolous must meet a "stringent" standard. E.E.O.C. v. Great Steaks, Inc., 667 F.3d 510, 516 (4th Cir. 2012) (citing EEOC v. Clay Printing Co., 13 F.3d 813, 817 (4th Cir. 1994).

Prior to this case, the "generally accepted" animal husbandry practices under the ESA were unclear. The Plaintiffs argued that the Court should adopt the Accreditation Standards established by the Association of Zoos and Aquariums ("AZA") as the "generally accepted" animal husbandry practices, even though fewer than 10% of all license exhibitors in the United States utilized those standards. [Doc. 118 at 29]. The Plaintiffs supported that argument with testimony from two expert witnesses. [Id. at 29-30].

The Defendants now argue that the Plaintiffs "knew or should have known" that their argument was frivolous because 90% of exhibitors did not follow the AZA Accreditation Standards that the Plaintiffs advocated to apply. [Doc. 122 at 4]. The Plaintiffs, however, had a reasonable basis to argue

4

that the AZA standards should apply considering the lack of clarity regarding the "generally accepted" animal husbandry practices under the ESA. Moreover, the Plaintiffs supported their claim with testimony from two expert witnesses. As such, the Court cannot find that the result of the case was "obvious" or that the Plaintiffs argument was "wholly without merit.'" Soler, 2007 WL 9718333, at *2 (E.D.N.C. Feb. 23, 2007) (quoting Williams, 873 F.2d at 1075 (7th Cir. 1989)). For the same reasons, the Court cannot find that the Plaintiffs' actions were unreasonable or groundless. See Christiansburg Garment Co., 434 U.S. at 422 (1978) ("Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.").

**B. Bad Faith**

A prevailing defendant also can recover attorneys' fees in an ESA case if a plaintiff acted in bad faith. Robinson v. Ritchie, 646 F.2d 147, 148 (4th Cir. 1981) (citing Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 257–60 (1975). "Bad faith is defined as 'dishonesty of belief or purpose.'" Humble v. Harrah's NC Casino Co., LLC, No. 1:17-CV-00262-MR-DLH, 2019 WL 236733, at *3 (W.D.N.C. Jan. 16, 2019) (Reidinger, J.) (citing In re Nelson, No. 13-32469, 2014 WL 1884323, at *4 (Bankr. W.D.N.C. May 12, 2014).

The Defendants allege that prior to bringing this lawsuit, the Plaintiffs engaged in political activity to seek a similar outcome. [Doc. 122 at 6]. According to the Defendants, "the Plaintiffs' attempt to weaponize the ESA to harm the Defendants after losing the political fight" shows that their claim was brought in bad faith. [Id. at 6]. The Plaintiffs' engagement in political activity, however, does not show that they acted in with "dishonesty in belief or purpose." Humble, 2019 WL 236733, at *3 (citation and quotations omitted). The Plaintiffs' engagement in political activity merely demonstrates that the Plaintiffs used alternative methods to resolve this dispute before bringing their claim. Such efforts do not indicate bad faith.[1]

The Defendants fail to provide any other legal or factual support to show that the Plaintiffs acted in bad faith. Instead, the Defendants rely on the same arguments used to argue that the Plaintiffs' action was frivolous, which were also insufficient in that context. As such, the Court cannot find that the Plaintiffs' claims were made in bad faith, and the Defendants' request for attorneys' fees under 16 U.S.C. § 1540(g)(4) will be denied.

---

[1] The Court notes that Plaintiff Hill testified at trial that she did not know who was funding the Plaintiffs' pursuit of this litigation [T. at 85-86], and that Plaintiffs' counsel was brought into this matter when counsel contacted the Plaintiffs, not the other way around. [Id. at 79-81]. While this testimony raises questions regarding the propriety of counsel's financial arrangement with the Plaintiffs, see Rule 1.8 of the North Carolina Rules of Professional Conduct, there is nothing in the record to support a finding that the *Plaintiffs* acted in bad faith toward the Defendants so as to support an award of attorneys' fees.

# **ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Attorneys' Fees [Doc. 121] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 9, 2020

Martin Reidinger
United States District Judge